UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**FILED**
JUN 3 0 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

JASON J. SMITH-BEY

*(Enter above the full name of the plaintiff or plaintiffs in this action).*

03014-087

*(Inmate Reg.# of each Plaintiff)*

**VERSUS**

CIVIL ACTION NO. 5:09-0746
*(Number to be assigned by Court)*

SCOTTY ROSE

KEVIN THOMPSON

FEDERAL BUREAU OF PRISONS

*(Enter above the full name of the defendant or defendants in this action).*

## COMPLAINT

I. **Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ____    No _x_

II. **Place of Present Confinement:** FCI. BECKLEY PO.BOX 350 Beaver, WV 25813

A. Is there a prisoner grievance procedure in this institution?

   Yes _x_   No ____

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

   Yes _x_   No ____

C. If your answer is YES:

   1. What steps did you take? First, Second, and Third of the Prisons Administrative Grievance

   2. What was the result? Prison officials Defaulted on level three, by not providing their response before the allotted time period had expired.

D. If your answer is NO, explain why not: _____

III. **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff: JASON J. SMITH-BEY

   Address: Federal Correctional Institution, Beckley

B. Additional Plaintiffs and Address: PO.BOX 350 BEAVER, WV 25813

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant ONE: Scotty Rose

is employed as Physicians Assistant

at Federal Correctional Institution, Beckley

D. Additional defendants: Kevin Thompson

Is employed as Health Services Administrator

At FCI, Beckley

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

Defendant One Violated Plaintiff's Eight Amendment Rights

CLAIM ONE: Improper Medical Care/ Deliberate Indifference

On 8-17-06, and 2-8-07 The Plaintiff Jason Smith-Bey received improper medical care while incarcerated at Federal Correctional Institution, Beckly, West Virginia. Plaintiff alleges in this complaint that defendant Rose had performed two unsuccessful surgery to

3 of 6

remove a cyst from the back of plaintiff's neck, while performing the surgeries as a non-license physician.

Plaintiff now assert that defendant render improper medical treatment to him base on the facts that neither surgery had removed the infected cyst from his neck. Plaintiff further allege defendant lack the proper medical license to correctly remove the cyst from his neck.

Defendant actions has caused the plaintiff continuous suffering as an result of the infected cyst still remaining on the back of his neck after two attempts by a non-license physician to remove it.

SUPPORTING FACTS:

The question of non-physician surgery by non-physician during non-emergency situations shocks the conscience of the court, thereby establishing Eighth Amendment violation.

V. **Defendant two:** Violated Plaintiffs **Eighth Amendment Rights**

   **Claim two:** Delayed medical treatment

   On December 16, 2008 until the present Plaintiff asserts that Kevin Thompson has delayed medical treatment for Plaintiff's surgery to remove the infected cyst from the back of his neck, by ignoring outside physician recommendation for surgical removal of the cyst. On January 22, 2009 Doctor Whyte evaluated Plaintiff medical condition and thereafter advised Thompson of the above recommendations for surgery. Plaintiff re-asserts that Thompson failed follow up on Dr. Whyte recommendation, because a total of six Months has passed and the plaintiff have not received the scheduled surgery as indicated by the Regional Director written response dated February 17, 2009. Defendant's actions has denied plaintiff his rights to receive the necessary corrected surgery.

SUPPORTING FACTS:

Medical officials act with deliberate indifference when he knows that an prisoner is in serious need of medical care, but he fails or refuses to obtain medical treatment for prisoners.

**Claim Three:** All Plaintiff's available Administrative Remedies are Exhaused.

VI. On December 15,2008 Plaintiff timely filed a request for informal resolution to the appropriate staff member. Second step Administrative Remedy Request to the Warden on December 22,2008, and Third Administrative Remedy to the Regional Director on February 10,2009.

Plaintiff now asserts that to no fault of his own that he has exhausted his administrative remedies , because on the third level of grievance process the Regional Director failed to provide an response after requesting a 20 day extension.( see all attached Complaints forms).

SUPPORTING FACTS:

VII. The Courts hold that a prisoner available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance procedures have expired.

## RELIEF

**State briefly exactly what you want the court to do for you.**

VII. Plaintiff hereby requests this Honorable court to GRANT him monetary and injunctive relief against the Federal Bureau of Prisons, and the listed Defendants **Scotty** Rose and Kevin Thompson as followed:

(a) For an Injunctive Order directing BOP to immediately provide plaintiff the corrected surgery needed to remove the infected cyst

(b) For an Monetary Judgment against Defendant One Scotty Rose in the amount of $125,000,00.

(c) For an Monetary Judgment against Defendant Two Kevin Thopmson in the amount of $125,000,00.

(d) For an Punitive Judgment against Federal Bureau of Prisons in the

amount sufficient enough to punish the defendants, and to deter future conduct that violate prisoner's constitutional rights.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON   6-26-09
                  DATE

                                                  *[signature: Jason SmithBey]*
                                                  Plaintiff Signature

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: Jason Smith-Bey            Register Number: 03014-087

Assigned Unit: OAK B UPPER              Counselor: CALES

Date of Request: December 15, 2008      Date of Incident: see Complaint

Specific Complaint: Note this is a follow up complaint filed against PA Rose for failing to correctly remove a cyst from Prisoner Smith-Bey neck, After two unsuccessful surgeries.
Nature of Complaint: Inadequate medical care/attention.
(See attached Statement of Facts, and Requested Relief Sought)

Informal Resolution was / (was not) accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program to ensure compliance with filing procedures.

_Jason Smith-Bey/03014-087_    16 Dec 08
Inmate Signature / Register Number    Date

_[signature]_    16 Dec 08
Counselor Signature    Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: 16 Dec 08

Was issue discussed with the inmate: YES / NO. If no, reason: ____

Were staff or departments noted in Administrative Remedy contacted: YES / NO.
If no, reason. If yes, response: MR Bailey, You are scheduled to see an "outside" General surgeon for your problem. Prior to that, make sick call for any problems!

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

_Jason Smith-Bey/03014-087_    16 Dec 08
Inmate Signature / Register Number    Date

_[signature]_    16 Dec 08           Unit MNG.
Counselor Signature    Date           V Blankenship 12/16/08

## STATEMENT OF FACTS

On or about August 2006, petitioner Smith was denied adequate medical treatment by PA Rose who failed to correctly remove a cyst from Mr. Smith neck after conducting surgery.

It should be noted, that shortly after Mr. Smith had received the above surgery, he begin to experience major pain and swelling to the back of his neck which caused him to seek addition medical attention concerning said pain.

Six months later, PA Rose performed a second surgery on Mr. Smith to remove the previous cyst that was not removed during the first surgery. Despite both surgeries Mr. Smith cyst remains swelling, and infected on the back of his neck. And Medical Superior Kevin Thompson has failed to provided any remedy to Mr. Smith after being advised of this matter.

The petitioner now files this complaint against PA Rose for medical neglect in respect to his failure to properly remove the cyst after(2) attempts.

In addition, to Mr. Thompson refusing to authorize an outside Physician to correctly remove Mr. Smith cyst.

## GROUNDS FOR RELIEF

1. According to the Eight Amendment of The U.S. Constitution, all Federal Prisoners have a protected right to receiving adequate medical attention and care while being confine in prisons.

## REQUESTED RELIEF

2. For the right to have this cyst professionally removed in a timely manner

3. For the right place Kevin Thompson on Notice, That Petitioner is reserving his rights to bring civil actions against him for denying petitioner his constitutional rights to receive adequate medical attention.

4. For the right to place PA Rose on official Notice, That Petitioner will be filing civil actions in the nature of Medical Malpractice claim against Rose for the above constitutional violation.

5. For a copy of this complaint to be forwarded to West Virginia Medical Board, in addition to a copy sent to Bureau of Prisons in Washington, DC and placed in to PA Rose personnel files.

I, Jason Smith-Bey state under penalty of perjury that the information contained herein is based upon personal knowledge if called to testify, and the foregoing is true and correct pursuant to 28 U.S.C. 1746.

Signed this __15TH__ day of __December__

/s/ _Jason Smith-Bey_

****END***

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Smith-BEY JASon J. | 03014-087 | OAK B.U. | F.C.I.Beckley |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** (Dissatisfied With Informal resolution response dated 12-16-08

Reason 1: Said response failed to adequately address petitioners concerns regarding the first and second improper surgery.

Reason 2: Said response failed to address petitioners claim that superior Thompson refused to authorize an outside Physician to correctly remove Mr. Smith-bey cyst.

### CONCLUSION

Based on above petitioner respectfully forwards this administative grievance to the next level in hopes of being granted the relief sought in petitioner initial BP 8.

12-22-08
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 501333-F1

_____
CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JANUARY 26, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : JASON J SMITH, 03014-087
      BECKLEY FCI    UNT: OAK    QTR: O07-315L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 521333-F1
DATE RECEIVED  : DECEMBER 30, 2008
RESPONSE DUE   : JANUARY 19, 2009
SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2      :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JANUARY 26, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : JASON J SMITH, 03014-087
      BECKLEY FCI    UNT: OAK     QTR: O07-315L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

```
REMEDY ID       : 521333-F1
DATE RECEIVED   : DECEMBER 30, 2008
RESPONSE DUE    : FEBRUARY 8, 2009
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       :
INCIDENT RPT NO:
```

## REQUEST FOR ADMINISTRATIVE REMEDY  BEC 521333-F1

Your Request for Administrative Remedy received December 30, 2008, has been reviewed. In your request, you allege medical neglect on the part of your Physician Assistant (PA). You also allege that the Health Services Administrator (HSA) has refused to remedy this situation.

A review of your medical record reveals that you have had a sebaceous cyst located on the back of your neck. Your PA has performed two procedures to attempt removing it. The first was done on August 17, 2006, and the second was done on February 8, 2007. You've been placed on antibiotics on two occasions as well in an attempt to remove the cyst, which drains at times. An interview with the Clinical Director was done. He states that treatment rendered by the PA was well within protocol and equivalent with the community standard of care. He goes on to state that sebaceous cysts are known to recur, that this is not necessarily any fault of the practitioner. An interview was conducted with the HSA. He states that at no time, did he deny medical treatment to you. In fact, he states that he spoke with the Clinical Director on your behalf and together with your PA, it was decided to schedule you to see a surgeon in the local community. This appointment has been scheduled in the near future.

Based on the above facts, I can find no basis for further administrative action. Your request for administrative relief is denied. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

_1/29/09_
Date

_[signature]_
Terry L. Billingsey, Acting Warden

**U.S. Department of Justice**  **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Smith-Bey jason J.__   __03014-087__   __obu__   __F.C.I.Beckley__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL** Petitioner concurs with the facts stated in the wardens response dated 1-29-09

**1** Said response acknowledge the fact that PA Rose had performed two unsuccessful attempts to remove petitioners cyst. Note the surgery was performed on petitioner by Pa Rose who was a nonphysician his actions were negligence based on his qualifications.

**2** Secondly clinical director Thompson stated in response that treatment renderd by PA Rose was well within protocol of community standard care. Note administrator of hospital bears responsibility for insuring that prision inmates recieve adequate medical care by a licensed physician.

**3** Clinical director Thompson acknowledge in said response that he failed to provide petitioner the correct remedy after being abreast of the above inadequate treatment by PA Rose. Note petitioner was provided his ramedy only after initiating his administrative complaint regarding this matter, that being petitioner was admediately schduled to see an outside physician to have the cyst removed.

**Requested relief**

**1** As previously requested in petitioners initial BP8 filed 12-15-2008.

__2-10-2009__   __Jason SmithBey__
DATE   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

FEB ... 9

Bureau of Prisons
RECEIVED MARO Regional Counsel

FEB 17 2009

Bureau of Prisons
MARO Regional Counsel

---

DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

USP LVN   DATE   Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL   BP-230(13) APRIL 1982

```
                    RECEIPT - ADMINISTRATIVE REMEDY



DATE: MARCH 31, 2009



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : JASON J SMITH, 03014-087
      BECKLEY FCI    UNT: OAK      QTR: O07-309U



THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 521333-R1
DATE RECEIVED   : FEBRUARY 17, 2008
RESPONSE DUE    : APRIL 17, 2008
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       :
INCIDENT RPT NO:
```

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: MARCH 31, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : JASON J SMITH, 03014-087
      BECKLEY FCI    UNT: OAK    QTR: O07-309U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW. WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 521333-R1
DATE RECEIVED   : FEBRUARY 17, 2008
RESPONSE DUE    : APRIL 17, 2008
SUBJECT 1       : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2       :
INCIDENT RPT NO:

## ADMINISTRATIVE REMEDY REGIONAL APPEAL
## PART B - RESPONSE

**Date Filed: February 17, 2009**             **Remedy I.D. No: 521333-R1**

You appeal the Warden's response to your Request for Administrative Remedy. You allege you have received inadequate and improper medical attention for a skin related condition. You request to receive surgical intervention for your skin related condition.

Review of your appeal with institution staff indicates your medical condition has been thoroughly evaluated and assessed. Review of your medical record reveals a medical history of a recurring cyst on your neck. An attempt to remove the cyst twice in the past has been unsuccessful. On January 22, 2009, you were evaluated by a general surgeon for the removal of the cyst. Following physical examination a recommendation for surgical removal of the cyst was completed. The surgery will be scheduled in the near future. Due to safety and security requirements, you will not be informed of the specific date and time of this appointment.

Your medical plan of care, developed and implemented by your primary care provider team, is adequate and complete. Your condition has been sufficiently addressed and prescribed medication and treatment is appropriate. There is no evidence to support your allegation of receiving inadequate and improper medical attention for a skin related condition. You are encouraged to continue to work with your primary care provider team for other health care related issues and concerns.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JUN 0 3 2009
_____                    _____
Date                                 K. M. White, Regional Director
                                     Mid-Atlantic Regional Office

Jason Smi[th]
Federal Correctional Institution Beckley
P.O. Box 350
Beaver WV 25813

7008 1830 0000 5832 3077

CERTIFIED MAIL

United States District Court
Southern District of West Virginia
P.O. Drawer 5009
Beckley West Virginia 25801



FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
PO BOX 1280
BEAVER, WV 25813

DATE 6-26-09

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURIS- DICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

QUALITY PARK
9½ x 12½